IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | 1:20-CR-008-RP |
| SCOTT WILLIAM BERNER, | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Scott William Berner's ("Berner") motion to dismiss the indictment in this matter. (Dkt. 49). The government filed a memorandum in opposition, (Dkt. 59), and Berner filed a reply, (Dkt. 60). Having considered the parties' briefs, the record, and the relevant law, the Court finds that Berner's motion should be denied.

## I. BACKGROUND

This case began when the Round Rock Police Department and the Austin Police Department Bomb Squad responded to a call from Berner's grandfather-in-law about a possible explosive device in a storage unit belonging to Cassandra Berner, Berner's wife[1]. (Mot. Dismiss, Dkt. 49, at 2–3). Berner maintains that the three recovered devices "were intended as 'gopher bombs' to attempt to control the gopher population on [his] mother's farm." (*Id.* at 2). The government charged Berner in a one-count indictment for knowingly possessing three "destructive devices" as defined in 26 U.S.C. § 5845(f)(1)(A):

> The term "destructive device" means (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellent charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device; (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes;

---

[1] Cassandra Berner and Scott Berner are separated, but remain married. (Mot. Dismiss, Dkt. 49, at 3 n.4).

1

and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon . . . .

Berner moves to dismiss the indictment under the Due Process Clause of the Fifth Amendment because he contends "the governing statute is unconstitutionally vague as applied to the facts of this case." (Mot. Dismiss, Dkt. 49, at 1). In support of his void-for-vagueness argument, Berner contends that because the statutory definition of "destructive device" does not define the word "bomb," the statute "fails to give a person of ordinary intelligence a reasonable opportunity to know that combining garden-variety fireworks to construct 'gopher bombs' to control a varmint population on a farm is a statutorily-prohibited destructive device." (*Id.* at 16). Instead, Berner argues that a person of ordinary intelligence would expect the devices "to fit squarely within the statutory exception," which excludes a device that is not designed or redesigned for use as a weapon from the definition of a "destructive device." (*Id.* (citing 26 U.S.C. § 5845(f)).

## II. DISCUSSION

"The application of a criminal statute fails to comport with the Fifth Amendment's Due Process Clause if the statute 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *United States v. McRae*, 702 F.3d 806, 837 (5th Cir. 2012) (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010)). Thus, "[v]agueness may invalidate a criminal law for either of two independent reasons." *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999). "First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement." *Id.* Berner contends that "[t]he government's application of the statute to this case fails under both grounds" because the statute does not put an ordinary person on notice that constructing a "gopher

bomb" would expose them to liability, and the government's decision to prosecute Berner "is exactly the type of arbitrary enforcement action that the Due Process Clause guards against." (Reply, Dkt. 60, at 7–8).

Berner does not claim that 26 U.S.C. § 5845(f) is unconstitutionally vague on its face—nor could he, as the Fifth Circuit has upheld § 5845(f) against such facial challenges. *See United States v. Price*, 877 F.2d 334, 337 (5th Cir. 1989); *United States v. Ross*, 458 F.2d 1144, 1145 (5th Cir. 1972). Rather, Berner contends that § 5845(f) is unconstitutionally vague as applied to his particular circumstances. (Mot. Dismiss, Dkt. 49, at 1). In considering an as-applied challenge like the one levied by Berner, the Court analyzes "whether a statute is vague as applied to the particular facts at issue, for a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *United States v. Barker*, No. 3:16-CR-516-D, 2017 WL 4167512, at *14 (N.D. Tex. Sept. 20, 2017) (quoting *Holder*, 561 U.S. at 19); *see also McRae*, 702 F.3d at 837.

Meanwhile, Federal Rule of Criminal Procedure 12(b)(1) only authorizes the court to resolve motions before trial "that the court can determine without a trial on the merits." "If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010); *see also United States v. Covington*, 395 U.S. 57, 60 (1969) ("A defense is thus capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."). To engage in such factfinding, based on evidence that goes to the issue of a defendant's guilt or innocence, risks "trespassing on territory reserved to the jury as the ultimate finder of fact in our criminal justice system." *Pope*, 613 F.3d at 1259.

Resolving Berner's as-applied challenge at this stage would require the Court to resolve various fact issues about the circumstances of the alleged crime in Berner's favor, including that Berner's devices were designed to serve "a socially useful, legitimate purpose: to eliminate gophers on Mr. Berner's mother's farm in rural Texas." (Mot. Dismiss, Dkt. 49, at 1). Whether Berner's devices fall within § 5845(f)'s exception is a disputed question of fact, intertwined with the question of Berner's guilt or innocence, and appropriately reserved for the jury. Berner's as-applied challenge, in the context of a motion to dismiss, is therefore premature.

Moreover, while Berner frames his argument as a void-for-vagueness challenge, the thrust of his argument is that his devices fall within § 5845(f)'s exception: an issue more properly addressed by the government's burden to prove its case beyond a reasonable doubt than the doctrine of vagueness. To prevail at trial, the government will have to prove that Berner knowingly possessed a destructive device as defined by 26 U.S.C. § 5845(f). *See* Committee on Pattern Jury Instructions, *Fifth Circuit Pattern Jury Instructions (Criminal Cases)* Instr. 2.102 (2019); *United States v. Tovar*, 719 F.3d 376, 390 (5th Cir. 2013) (enumerating elements of the offense). Section 5845(f) "contains the crucial limitation that a destructive device does not include any device not designed or redesigned for use as a weapon." *Ross*, 458 F.2d at 1145. Thus, a jury finding that Berner possessed a destructive device would "necessarily encompass[ ]" a finding that the statutory exception did not apply. *Price*, 877 F.2d at 338. Any uncertainty about whether Berner's three devices fall within the statutory exception will therefore be addressed by the government's burden to prove its case beyond a reasonable doubt at trial.

To conclude, the Court finds that resolving Berner's as-applied vagueness challenge at this stage would require the Court to impermissibly tread upon the factfinding role of the jury. While Berner certainly marshals evidence tending to show he designed the recovered devices for gopher control, a motion to dismiss an indictment is not a vehicle for meaningfully testing the legal

soundness of the government's prosecutorial theory. *See Pope*, 613 F.3d at 1259 ("Rule 12 is not a parallel to civil summary judgment procedures."). The government is not required "to lay [its] evidentiary cards on the table before trial." *Id.* The Court may only presume that in selecting this case for prosecution, the government believes it has sufficient evidence to prove beyond a reasonable doubt that Berner knowingly possessed a destructive device, the statutory exception notwithstanding. The arguments Berner raises prematurely in his motion to dismiss will ultimately hold the government to its burden at trial. Weighing all of this evidence, the jury will decide whether Berner's devices "fit squarely within the statutory exception," and thus whether Berner is guilty or innocent. (Mot. Dismiss, Dkt. 49, at 16).

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Berner's motion to dismiss the indictment, (Dkt. 49), is **DENIED**.

**SIGNED** on June 9, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE